IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN BECKER,<br>    Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-12-1214 |
| | * | |
| JUDGE TONI E. CLARKE,<br>MARVIN LISS, | * | |
|     Defendants | * | |

******

## MEMORANDUM OPINION

Plaintiff brings this self-represented action against Marvin Liss,[1] a private attorney, and Circuit Court for Prince George's County Judge Toni E. Clarke. He asserts jurisdiction under 28 U.S.C. § 1331 and § 1332 and states that his Fifth and Fourteenth Amendment rights have been violated. Specifically, Becker complains that Judge Clarke entered an ex parte order against him, drafted by Liss, which resulted in the garnishment of his property. Attachments to the complaint reveal that order was entered during Plaintiff's state child support proceedings.[2] ECF No. 1.

Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which shall be granted. Upon review of the complaint, the court concludes that it shall be dismissed under the

---

[1] Plaintiff describes Liss as a Maryland resident with four offices, three in Maryland, the fourth in the District of Columbia. All of the acts complained of occurred in Maryland. In the absence of any federal claim, this Court would have jurisdiction only where there is diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332. Because all of the parties are Maryland residents, there is no basis for diversity jurisdiction.

[2] In *Becker v. Liss, et al.*, Civil Action No. L-12-865 (D. Md.) Plaintiff alleged Judge Clarke and Marvin Liss violated his civil rights by entering an ex parte order concerning child support. In that case, Becker detailed his efforts to have the order vacated and his child support order modified. He indicated that ultimately his driver's license was suspended for nonpayment of support. He claimed that unnamed employees of the Prince George's County Circuit Court, the Attorney Grievance Commission and State Commission on Judicial Disabilities failed to investigate his complaints regarding entry of the ex parte order. That case was dismissed on April 6, 2012.

provisions of 28 U.S.C. § 1915(e).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall.  335, 20 L.Ed.  646 (1872).  Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983.  *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction.  *See Stump*, 435 U.S. at 356.  Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority.  *Id*.  at 356-57.

2

A review of Plaintiff's allegations against Judge Clarke does not compel the conclusion that the judge acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because judicial immunity precludes Plaintiff's recovery against Judge Clarke, sua sponte dismissal of Plaintiff's claims against the judge is appropriate.

Plaintiff's complaint against Marvin Liss is also subject to dismissal. Two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant Liss, a private attorney, was acting under color of law the claims against him shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Additionally, the claims raised here plainly involve issues relating to family law matters litigated in the state court which may not proceed in this court. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Such issues traditionally have been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to divorce, child custody or alimony decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). Additionally, the

action is based upon the history of prior state court child support proceedings. Under the *Rooker-Feldman* doctrine,[3] a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[4] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

A separate Order shall be entered reflecting the ruling set forth herein.

Date:   May 2, 2012                                         /s/
                                                            DEBORAH K. CHASANOW
                                                            United States District Judge

---

[3]   *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[4]   The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.